UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUSTIN HOSKINS,

    Plaintiff,

                                      CASE NO.:

vs.

ALPEMI, INC. d/b/a MADE IN
ITALY, a Florida Profit Corporation
and ALESSANDRO DI
FERDINANDO, SR., Individually,

    Defendants.
_____/

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JUSTIN HOSKINS, ("Plaintiff"), by and through the undersigned attorneys, sues the Defendants, ALPEMI, INC. d/b/a MADE IN ITALY, a Florida Profit Corporation ("ALPEMI") and ALESSANDRO DI FERDINANDO, SR., ("DI FERDINANDO" or collectively as "Defendants") and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Sarasota County, Florida.

4. Defendant, ALPEMI, conducts business in, among others, Sarasota County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

5. At all material times during the last three years, Defendant ALPEMI was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

6. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

7. At all material times, Defendant, ALPEMI, has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or
   b. Engaged in the production of goods for commerce; or
   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. napkins, silverware, computer, and/or office supplies).

9. Therefore, Defendant, ALPEMI, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

10. Additionally, Plaintiff was individually engaged in interstate commerce during his employment with Defendants as a result of, among other things, his routine and daily use of credit

card machines that transmitted communications in interstate commerce and as a result of his routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## GENERAL ALLEGATIONS

11. Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

12. Defendants were each an "employer" of the Plaintiff within the meaning of the FLSA.

13. Defendant, ALPEMI, a Florida Profit Corporation, operates a restaurant located at 117 W. Venice Avenue, Venice, Florida 34285.

14. At all times relevant to this action, DI FERDINANDO was an individual resident of the State of Florida, who owned and/or operated ALPEMI, and who regularly exercised the authority to: (a) hire and fire employees of ALPEMI; (b) determine the work and pay schedules for the employees of ALPEMI; (c) control the finances and operations of ALPEMI; and (d) was responsible for the overall business operations of ALPEMI.

15. Defendants are in the business of providing food and drinks to the general public.

16. Plaintiff worked as a server for Defendants from approximately June 2012 to January 2016.

17. Defendants paid Plaintiff the tip-credited minimum wage throughout his employment.

18. Defendants required Plaintiff to pay for a customer's bill if the customer left without paying, which is also referred to as a "walkout."

19. Defendants required Plaintiff to pay for one or more company t-shirts as part of his uniform.

20. Defendants required Plaintiff to pay for one or more company aprons as part of

his uniform.

21. As a result of these improper policies, Defendants have violated the FLSA's provisions regarding the tip credit.

22. Also as a result of these improper policies, Plaintiff did not earn at least the statutory minimum wage per week.

23. Therefore, Plaintiff is owed the difference between the tip-credited wage paid to him and the statutory minimum wage rate.

24. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties without receiving proper compensation for same. For example, during the bi—weekly pay period of March 23, 2015 to April 5, 2015 Plaintiff worked a total of 11.3 overtime hours (4.3 hours during week one and 6.8 hours during week two), but was only compensated for a total of eighty (80) hours. *See* attached pay and time record for this example as Exhibit A.

25. Defendants were aware of the overtime hours worked by Plaintiff.

26. During one or more workweeks, Defendants did not include all hours worked by Plaintiff which resulted in unpaid minimum and overtime wages.

27. Defendants failed to maintain proper time records as mandated by law.

28. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

29. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I - RECOVERY OF MINIMUM WAGES (FEDERAL)

31.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

32.     Plaintiff was entitled to be paid the full minimum wage for all hours worked per week during his employment with Defendants.

33.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked per week during his employment with Defendants pursuant to 29 C.F.R. 778.5.

34.     Defendants have a common pay policy and/or pay practice which violates the FLSA's tip credited wage provisions and therefore failed to pay Plaintiff at least the statutory minimum wage for all hours worked per week as a result of requiring Plaintiff to pay for customer "walkouts" on their bill(s) and as a result of requiring Plaintiff to pay for uniforms.

35.     Because of these policies, Defendants violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206).

36.     As a result of these common policies, Plaintiff is entitled to receive the difference between the full applicable statutory minimum wage and the hourly wage actually paid to him.

37.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

38.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

39.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff his unpaid minimum wages as allowable under the FLSA statute of limitations period;

    b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

### COUNT II - RECOVERY OF OVERTIME COMPENSATION

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-30 above.

42. Plaintiff worked in excess of forty (40) hours per week during one or more work weeks.

43. Plaintiff did not earn additional compensation for his hours worked in excess of forty (40) hours per week.

44. Plaintiff should have been compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

45. Defendants knew or had reason to know that Plaintiff worked in excess of forty (40) hours per week during one or more work weeks of his employment.

46. Defendants knew its conduct violated the FLSA or acted in reckless disregard for its provisions.

47. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

   a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

   c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

   d. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 4th day of April, 2016.

_____
Kimberly De Arcangelis, Esquire
FBN 025871
Morgan & Morgan, P.A.

20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:    (407) 420-1414
Facsimile:    (407) 245-3383
Email: KimD@forthepeople.com
Attorneys for Plaintiff

### 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, JUSTIN HOSKINS, declare under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of April, 2016.

_____
JUSTIN HOSKINS

# Exhibit "A"

THIS DOCUMENT HAS A GRADUATED BACKGROUND. DARK TO LIGHT. THE REVERSE SIDE INCLUDES AN ARTIFICIAL WATERMARK.

**ALPEMI, INC.**
**dba MADE IN ITALY**
117 W VENICE AVE
VENICE, FL 34285

Wells Fargo Bank, N.A.
FLORIDA
wellsfargo.com

63-751 / 631

12166

DATE 4/9/2015

PAY TO THE ORDER OF   JUSTIN J HOSKINS                                              $ **1.97

One and 97/100************************************************************************************ DOLLARS

JUSTIN J HOSKINS
470 PURDY ST
ENGLEWOD, FL 34223

MEMO  Pay Period: 03/23/2015 - 04/05/2015

⑁012166⑁ ⑆063107513⑆ 3165428321⑁

---

**ALPEMI, INC.**                                                                                      12166

| Employee | | | | | SSN | Status (Fed/State) | Allowances/Extra |
|---|---|---|---|---|---|---|---|
| JUSTIN J HOSKINS, 470 PURDY ST, ENGLEWOD, FL 34223 | | | | | ***-**-1285 | Single/(none) | Fed-0/0/FL-0/0 |
| | | | | | Pay Period: 03/23/2015 - 04/05/2015 | | Pay Date: 04/09/2015 |

| Earnings and Hours | Hours | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Hourly-Tip rate | 80.00 | 5.03 | 402.40 | 2,816.80 |
| Reported tips-IN | | | 2,100.00 | 16,400.00 |
| | 80.00 | | 2,502.40 | 19,216.80 |

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | |
| Federal Withholding | -167.00 | -1,042.00 |
| Social Security Employee | -155.15 | -1,191.44 |
| Medicare Employee | -36.28 | -278.64 |
| | -358.43 | -2,512.08 |

| Adjustments to Net Pay | Current | YTD Amount |
|---|---|---|
| Reported tips-OUT | -2,100.00 | -16,400.00 |
| FL Child Support | -40.00 | -280.00 |
| Child support service fee | -2.00 | -14.00 |
| | -2,142.00 | -16,694.00 |

| | Current | YTD Amount |
|---|---|---|
| Net Pay | 1.97 | 10.72 |

```
Clock Out 03/29/2015      10PM
10021 HOSKINS, JUSTIN
Hours:                    6.8
Period Hours:             46.84
```

```
Clock Out 04/04/2015 10:20:24PM
10021 HOSKINS, JUSTIN
Hours:                    4.6300
Period Hours:             44.5389
```

MADE IN ITALY, 117 W VENICE AVE, VENICE, FL 34285, ALPEMI, INC